**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BENJAMIN WITTES<br>1775 Massachusetts Avenue NW<br>Washington, DC 20036<br><br>       Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><br>OFFICE OF MANAGEMENT AND<br>BUDGET<br>725 17th St, NW<br>Washington, DC 20503<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 17-1627<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

    1.    On February 28, 2017, President Donald J. Trump delivered a speech to a joint session of Congress. In the speech, the President claimed that, "[a]ccording to data provided by the Department of Justice, the vast majority of individuals convicted of terrorism and terrorism-related offenses since 9/11 came here from outside of our country." Around the same time, in litigation pending in a number of courts and in the news media, the President was defending his Executive Order suspending entry of individuals from Iran, Libya, Somalia, Sudan, Syria, and Yemen. The President and representatives of his administration asserted national security rationales in defense of the executive order.

    2.    Accurate information is necessary for the maintenance of a free, fair, and fully-informed democracy. Americans must be able to critically discuss and evaluate governmental policies in order to ensure democratic accountability. The need for informed public engagement

1

is especially urgent when evaluating the sweeping immigration policies adopted by the President and his administration, a topic that has generated intense policy, political, and legal debates on matters of vital significance to the country.

3. On April 14, 2017, Plaintiff Benjamin Wittes submitted three requests to federal agencies under the Freedom of Information Act ("FOIA") to obtain information about the origin, support, and rationale for the President's assertion in his Feb. 28 speech to Congress. Certain agencies failed to respond to Plaintiff's request within the statutory deadline. Plaintiff brings this action against Defendants U.S. Department of Justice and Office of Management and Budget to compel compliance with FOIA, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6. Plaintiff Benjamin Wittes is the editor-in-chief of *Lawfare*, an online publication published by The Lawfare Institute, a 501(c)(3) not-for-profit educational organization, and in cooperation with The Brookings Institution, a 501(c)(3) nonprofit public policy organization. *Lawfare* is dedicated to informing public understanding on operations and activities of the government. Plaintiff intends to give the public access to documents he obtains via these FOIA requests on *Lawfare*'s website, www.lawfareblog.com, and to provide information about and analysis of those documents as appropriate.

7. Defendant U.S. Department of Justice (DOJ) is an agency of the executive branch of the federal government of the United States. Defendant DOJ is headquartered at 950

Pennsylvania Avenue, NW, Washington, DC 20530-0001.  Defendant has possession, custody, and control of the documents that Plaintiff seeks in response to his FOIA requests.

8.  Defendant Office of Management and Budget (OMB) is an agency of the executive branch of the federal government of the United States.  Defendant OMB is headquartered at 725 17th St, NW, Washington, DC 20503-0009.  Defendant has possession, custody, and control of the documents that Plaintiff seeks in response to his FOIA request.

## STATEMENT OF FACTS

*President Trump's Address to a Joint Session of Congress on February 28, 2017*

9.  In his speech to Congress, the President stated that, "[a]ccording to data provided by the Department of Justice, the vast majority of individuals convicted of terrorism and terrorism-related offenses since 9/11 came here from outside of our country."  To Plaintiff's knowledge, neither the President, nor the Department of Justice, nor any Administration official, has publicly released data, analysis, or other written records to substantiate this claim.

10.  No other publicly available data support the President's claim.

11.  It is imperative the public be informed of the President's basis for asserting that individuals who came here from other countries are the vast majority of those convicted of terrorism and terrorism-related offenses.  If the Department of Justice provided the President with such data it should be shared with the public; if the Department did not provide the President with such data or the data it did provide does not support the President's claim, the public has a right to know that as well.

12.  The President has cited the relationship between immigration policy and terrorism as a major justification for his immigration and national security policies.  In a television interview, President Trump claimed, "We've taken in tens of thousands of people.  We know

3

nothing about them.  They can say they vetted them.  They didn't vet them, they have no papers.  How can you vet somebody when you don't know anything about them and they have no papers?" and, regarding his plan to build a wall along the Southern Border, "[t]he wall is necessary . . . that's not just politics, and yet it is good for the heart of the nation because people want protection and a wall protects." *Trump defends order for visa crackdown, refugee halt: 'We can't take chances'*, FOX NEWS (Jan. 27, 2017), *available at* http://www.foxnews.com/politics/2017/01/27/trump-defends-order-for-visa-crackdown-refugee-halt-cant-take-chances.html.

13. In litigation on President Trump's Executive Order No. 13769, "Protecting the Nation from Foreign Terrorist Entry into the United States," the government argued that the order reflected the President's "determination that a temporary suspension of entry of certain classes of aliens was necessary at this time to protect national security." Emerg. Mot. Under Circuit Rule 27-3 for Admin. Stay and Mot. for Stay Pending Appeal at 15, *Washington v. Trump*, No. 17-35105 (9th Cir. Feb. 4, 2017).

14. A draft internal review from the Department of Homeland Security contradicts the claim the President made in his Feb. 28 speech to Congress.  The review "assesses that a country of citizenship is unlikely to be a reliable indicator of potential terrorist activity." Internal Memorandum, Office of Intelligence and Analysis, Dep't of Homeland Sec., Citizenship Likely an Unreliable Indicator of Terrorist Threat to the United State, *available at* https://www.documentcloud.org/documents/3474730-DHS-intelligence-document-on-President-Donald.html; *see also* Vivian Salama & Alicia A. Caldwell, ASSOCIATED PRESS (Feb. 24, 2017), https://apnews.com/39f1f8e4ceed4a30a4570f693291c866 ("A draft document obtained by The Associated Press concludes that citizenship is an 'unlikely indicator' of terrorism threats to the

United States.").

15. Defendant DOJ compiles data on terrorism-related convictions. Data that the DOJ's National Security Division ("NSD") released in response to a 2015 FOIA request indicates that the claim the President made in the Feb. 28 speech was "highly misleading." *See* Shirin Sinnar, *More Misleading Claims on Immigrants and Terrorism*, JUST SECURITY (March 4, 2017, 8:30 AM), https://www.justsecurity.org/38341/misleading-claims-immigrants-terrorism/.

16. Mr. Wittes has previously published analysis of publicly available data that calls into question the data cited in the President's Feb. 28 speech. Writing in *Lawfare*, Mr. Wittes explained that he does not believe "that the National Security Division of the Justice Department provided any data or analysis to the White House that could reasonably be read to support the President's claim. In other words, I believe the President was lying not merely about the underlying facts but about his own Justice Department." Benjamin Wittes, *Did the Justice Department Really Support the President's Misstatement to Congress? Let's Find Out*, LAWFARE (April 17, 2017, 7:55 AM), https://www.lawfareblog.com/did-justice-department-really-support-presidents-misstatement-congress-lets-find-out.

17. According to an analysis of publicly available data on terrorism-related prosecutions published in *Lawfare*, the number of foreign-born people arrested in the United States on international terrorism-related charges is "not quite a majority at all, let alone an overwhelming one." *See* Nora Ellingsen & Lisa Daniels, *What the Data Really Show about Terrorists Who "Came Here," Part I: Introduction and Overview*, LAWFARE (April 11, 2017, 10:29 AM), https://lawfareblog.com/what-data-really-show-about-terrorists-who-came-here-part-i-introduction-and-overview.

18. On April 14, 2017, Plaintiff submitted by email two FOIA requests to Defendant

DOJ and one FOIA request to Defendant OMB seeking information related to the President's Feb. 28 claim.

*Plaintiff's FOIA Requests of the DOJ Office of Information Policy*

19. The DOJ Office of Information Policy processes incoming FOIA requests on behalf of the offices of the Attorney General, the Deputy Attorney General, the Associate Attorney General, Legislative Affairs, Public Affairs, Legal Policy, and Information Policy.

20. The first April 14 FOIA request of Defendant DOJ, sent to the Office of Information Policy, sought:

> 1. All records, including but not limited to emails, notes, and memoranda, reflecting any data or information relating to the nationality or country of origin of individuals convicted of terrorism-related offenses (domestic or international) from 2001 until the date that a search is conducted for records responsive to this FOIA request.
>
> 2. All records reflecting communications (including but not limited to emails, telephone call logs, calendar entries, meeting agendas, or text messages) between the Department of Justice and the Executive Office of the President relating to data concerning the nationality or country of origin of anyone convicted of terrorist crimes or terrorism-related crimes (domestic or international). The timeframe for this request is from January 1, 2016 until the date that a search is conducted for records responsive to this request.
>
> 3. All records, including but not limited to emails, notes, and memoranda, in preparation for or in reaction to the President's address to a Joint Session of Congress on February 28, 2017, specifically those records referring to the President's characterization of data provided by, or originating from, the Department of Justice. The timeframe for this request is from January 20, 2017 until the date that a search is conducted for records responsive to this request.
>
> 4. All records reflecting communications (including but not limited to emails, telephone call logs, calendar entries, meeting agendas, or text messages) between the Department of Justice and the Executive Office of the President in preparation for or in reaction to the President's address to a Joint Session of Congress on February 28, 2017, specifically those records referring to the President's characterization of data provided by, or originating from, the Department of

> Justice. The timeframe for this request is from January 20, 2017 until the date that a search is conducted for records responsive to this request.
>
> 5. In addition to the records requested above, I also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, I also request any such records prepared in connection with the processing of this request.

*See* Exh. A (DOJ FOIA Request 1).

21. Plaintiff also requested a fee waiver from DOJ pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 5 U.S.C. § 552(a)(4)(A)(ii)(II). *See* Exh. A.

22. The second April 14 FOIA request of DOJ sought:

> All records validating or verifying the following quote from the President's address to a Joint Session of Congress on February 28, 2017: "according to data provided by the Department of Justice, the vast majority of individuals convicted of terrorism and terrorism-related offense since 9/11 came here from outside of our country." The timeframe for this request is from January 20, 2017 until the date that a search is conducted for records responsive to this request.

*See* Exh. B (DOJ FOIA Request 2).

23. Plaintiff also requested a fee waiver from DOJ pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 5 U.S.C. § 552(a)(4)(A)(ii)(II). *See* Exh. B.

24. Defendant DOJ acknowledged Plaintiff's requests on May 3, 2017, in a letter from the Office of Information Policy that consolidated the first and second requests. Defendant assigned the combined request tracking numbers DOJ-2017-003569 (AG), DOJ-2017-003819 (DAG), DOJ-2017-003820 (OLA), and DOJ-2017-003821 (PAO). The acknowledgment letter reported that the combined request "falls within [FOIA's] 'unusual circumstances' [provision]" and informed Plaintiff that DOJ needed "to extend the time limit to respond to your request

beyond the ten additional days provided by the statute." The letter also reported that DOJ had placed the request in the "complex track." *See* Exh. C.

25. Defendant informed Plaintiff that it had not yet made a decision regarding Plaintiff's request for a fee waiver. *See* Exh. C.

26. FOIA permits Defendant to extend its statutory 20-day response deadline with a written notice to Plaintiff "[that sets] forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).

27. Pursuant to DOJ FOIA regulations, when citing "unusual circumstances," Defendant was required to "notify the requester in writing of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed." 28 C.F.R. § 16.5(c).

28. Defendant's letter did not specify the date on which Defendant would inform Plaintiff of its determination or when Defendant expected to completely process the request. *See* Exh. C.

29. Defendant's letter did not indicate that the agency had made any final determinations regarding the Plaintiff's request. *See* Exh. C.

*Plaintiff's First FOIA Request of the DOJ National Security Division*

30. Plaintiff also sent his two April 14 DOJ FOIA requests to the DOJ National Security Division. The first April 14 FOIA request of Defendant DOJ National Security Division sought:

> 1. All records, including but not limited to emails, notes, and memoranda, reflecting any data or information relating to the nationality or country of origin of individuals convicted of terrorism-related offenses (domestic or international) from 2001 until the date that a search is conducted for records responsive to this FOIA request.

    2. All records reflecting communications (including but not limited to emails, telephone call logs, calendar entries, meeting agendas, or text messages) between the Department of Justice and the Executive Office of the President relating to data concerning the nationality or country of origin of anyone convicted of terrorist crimes or terrorism-related crimes (domestic or international). The timeframe for this request is from January 1, 2016 until the date that a search is conducted for records responsive to this request.

    3. All records, including but not limited to emails, notes, and memoranda, in preparation for or in reaction to the President's address to a Joint Session of Congress on February 28, 2017, specifically those records referring to the President's characterization of data provided by, or originating from, the Department of Justice. The timeframe for this request is from January 20, 2017 until the date that a search is conducted for records responsive to this request.

    4. All records reflecting communications (including but not limited to emails, telephone call logs, calendar entries, meeting agendas, or text messages) between the Department of Justice and the Executive Office of the President in preparation for or in reaction to the President's address to a Joint Session of Congress on February 28, 2017, specifically those records referring to the President's characterization of data provided by, or originating from, the Department of Justice. The timeframe for this request is from January 20, 2017 until the date that a search is conducted for records responsive to this request.

    5. In addition to the records requested above, I also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, I also request any such records prepared in connection with the processing of this request.

*See* Exh. A.

    31.    Plaintiff also requested a fee waiver from the National Security Division pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 5 U.S.C. § 552(a)(4)(A)(ii)(II).  *See* Exh. A.

    32.    On May 1, 2017, a DOJ National Security Division Government Information Specialist acknowledged receipt of Plaintiff's first FOIA request.  The Specialist assigned

9

Plaintiff's request tracking number 17-153 and represented that NSD would make a later determination on Plaintiff's request for a fee waiver.  *See* Exh. D.

33.  Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request—May 12, 2017—Defendant DOJ National Security Division was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights.  5 U.S.C. § 552(a)(6)(A)(i).

34.  To date, Defendant DOJ National Security Division has failed to make the required determination and notifications.  Nor has Defendant made a determination regarding Plaintiff's request for a fee waiver.

*Plaintiff's Second FOIA Request of the DOJ National Security Division*

35.  Plaintiff's second April 14 FOIA request of Defendant DOJ National Security Division sought:

> All records validating or verifying the following quote from the President's address to a Joint Session of Congress on February 28, 2017: "according to data provided by the Department of Justice, the vast majority of individuals convicted of terrorism and terrorism-related offense since 9/11 came here from outside of our country." The timeframe for this request is from January 20, 2017 until the date that a search is conducted for records responsive to this request.

*See* Exh. B.

36.  Plaintiff also requested a fee waiver from the National Security Division pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 5 U.S.C. § 552(a)(4)(A)(ii)(II).  See Exh. D.

37.  On May 1, a DOJ National Security Division Government Information Specialist acknowledged receipt of Plaintiff's second FOIA request.  The Specialist assigned Plaintiff's

request tracking number 17-164 and represented that NSD would make a later determination on Plaintiff's request for a fee waiver.  *See* Exh. E.

38. Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request—May 12, 2017—Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights.  5 U.S.C. § 552(a)(6)(A)(i).

39. To date, Defendant DOJ National Security Division has failed to make the required determination and notifications.  Nor has Defendant made a determination regarding Plaintiff's request for a fee waiver.

*Plaintiff's FOIA Request of OMB*

40. On April 14, 2017, Plaintiff submitted by email a FOIA request to OMB seeking:

> 1. All records, including but not limited to emails, notes, and memoranda, reflecting any data or information relating to the nationality or country of origin of individuals convicted of terrorism-related offenses (domestic or international) from 2001 until the date that a search is conducted for records responsive to this FOIA request.
>
> 2. All records reflecting communications (including but not limited to emails, telephone call logs, calendar entries, meeting agendas, or text messages) between the Department of Justice and the Office of Management and Budget relating to data concerning the nationality or country of origin of anyone convicted of terrorist crimes or terrorism-related crimes (domestic or international). The timeframe for this request is from January 1, 2016 until the date that a search is conducted for records responsive to this request.
>
> 3. All records, including but not limited to emails, notes, and memoranda, in preparation for or in reaction to the President's address to a Joint Session of Congress on February 28, 2017, specifically those records referring to the President's characterization of data provided by, or originating from, the Department of Justice. The timeframe for this request is from January 20, 2017 until the date that a search is conducted for records responsive to this request.

11

> 4. All records reflecting communications (including but not limited to emails, telephone call logs, calendar entries, meeting agendas, or text messages) between the Department of Justice and the Office of Management and Budget in preparation for or in reaction to the President's address to a Joint Session of Congress on February 28, 2017, specifically those records referring to the President's characterization of data provided by, or originating from, the Department of Justice. The timeframe for this request is from January 20, 2017 until the date that a search is conducted for records responsive to this request.
>
> 5. All records, including but not limited to documents and communications, exchanged in preparation for the President's address to a Joint Session of Congress on February 28, 2017 in preparation of, in reference to, or in reaction to the following quote from the address, "according to data provided by the Department of Justice, the vast majority of individuals convicted of terrorism and terrorism-related offense since 9/11 came here from outside of our country."
>
> 6. In addition to the records requested above, I also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, I also request any such records prepared in connection with the processing of this request.

*See* Exh. F (OMB FOIA Request).

41.    Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 5 U.S.C. § 552(a)(4)(A)(ii)(II).  *See* Exh. F.

42.    On April 19, 2017, OMB acknowledged its April 18 receipt of Plaintiff's FOIA request and assigned tracking number 2017-167.  OMB's acknowledgment informed Plaintiff that his request had been logged and was being processed.  *See* Exh. G.

43.    Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request—May 15, 2017—Defendant OMB was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor,"

12

Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights.  5 U.S.C. § 552(a)(6)(A)(i).

44.     To date, Defendant OMB has issued no further response.  OMB has failed to make the required determination and notifications regarding the material in its possession.  Nor has OMB made a determination regarding Plaintiff's request for a fee waiver.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

45.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

46.     Defendants are in violation of FOIA by failing to respond to Plaintiff's requests within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's requests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's requests;

(2) Order Defendants, by a date certain, to demonstrate that each has conducted an adequate search;

(3) Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4) Enjoin Defendants from improperly withholding records responsive to Plaintiff's requests;

(5) Order Defendants to grant Plaintiff's requests for a fee waiver;

(6) Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant

to 5 U.S.C. § 552(a)(4)(E);

    (8) Grant Plaintiff such other relief as the Court deems appropriate.

                                              Respectfully submitted,

Date:  August 11, 2017                */s/ Justin Florence*
                                          JUSTIN FLORENCE (DC Bar No. 988953)
                                              Justin.Florence@protectdemocracy.org
                                          LAURENCE SCHWARTZTOL
                                              (pro hac vice to be filed)
                                              Larry.Schwartztol@protectdemocracy.org
                                          The Protect Democracy Project, Inc.
                                          2020 Pennsylvania Ave., NW #163
                                          Washington, DC 20006
                                          Phone: 202-599-0466
                                          Fax: 929-777-8428

                                          *Counsel for Plaintiff*